This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Raffael Lawson, appeals from his convictions for burglary and assault in the Medina County Court of Common Pleas. We affirm.
{¶ 2} On July 18, 2001, the Medina County Grand Jury indicted Defendant on two separate counts: (1) burglary, in violation of R.C.2911.12(A)(2); and (2) assault, in violation of R.C. 2903.13(A). A jury trial followed. Thereafter, the jury found Defendant guilty on both counts and the trial court sentenced him accordingly. Defendant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR {¶ 3} "The trial court erred when it allowed jurors to submit questions to witnesses, thereby compromising their impartiality and ultimately, depriving [Defendant] his right to a fair trial."
{¶ 4} In his sole assignment of error, Defendant avers that he was deprived of his right to a fair trial because the trial court erroneously permitted jurors to ask questions of the witnesses at trial. We disagree.
{¶ 5} An appellate court will not consider as error any issue that a party was aware of but failed to bring to the attention of the trial court. State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. Failure to timely object waives the opportunity for appellate review of any issue not preserved and, accordingly, such issue need not be considered for the first time on appeal. State v. Self (1990),56 Ohio St.3d 73, 81; State v. Heilman (Sept. 21, 1994), 9th Dist. No. 2312-M, at 3; State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Upon a thorough review of the record, we find that Defendant did not enter an objection to the trial court's practice of permitting juror questioning nor to any of the questions posed by the jurors during the trial. Therefore, Defendant has waived his challenge on appeal.
{¶ 6} Although Defendant failed to preserve his challenge through a timely objection during the trial, his inaction at trial does not waive the plain error doctrine of Crim.R. 52(B). See State v. Lundgren (1995),73 Ohio St.3d 474, 493; State v. McKee, 91 Ohio St.3d 292, 294,2001-Ohio-41 (writing that "errors that arise during a trial that are not brought to the attention of the court are ordinarily waived and may not be raised on appeal unless there is plain error, i.e., but for the error, the outcome of the trial clearly would have been otherwise"). Crim.R. 52(B) provides that: "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Furthermore, "[n]otice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
{¶ 7} After a careful review of the record, we cannot say that in this case, but for the trial court's practice of permitting jurors to ask questions of the witnesses or any of the particular jurors' questions, "the outcome of the trial clearly would have been otherwise." See McKee,91 Ohio St.3d at 294, 2001-Ohio-41. Accordingly, Defendant's assignment of error is overruled.
{¶ 8} Defendant's sole assignment of error is overruled. The convictions of the Medina County Court of Common Pleas are affirmed.
BAIRD, J., CARR, J. CONCUR.